. FIREMEN'S INSURANCE CO. *v.* GEORGIA POWER CO. *et al.* ·

No. 10698.    October 23, 1935.    Rehearing denied February 10, 1936.

*Smith, Smith & Bloodworth, Marshall A. Allison,* and *W. L. Bryan,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Erwin, Erwin & Nix, J. H. & Emmett Skelton,* and *George L. Goode,* for defendants.

WORRILL, Judge. The Firemen's Insurance Company filed its petition against Mrs. Alice Bowers and the Georgia Power Company, alleging in substance the following: On November 7, 1929, Mrs. Bowers' home, which was insured by the plaintiff for $2500, was destroyed by fire occasioned by the negligence of the Georgia Power Company. The plaintiff paid Mrs. Bowers the full amount of $2500 for which she was insured. The insurance policy contained this provision: "If this company shall claim that the fire was caused by the act of negligence of any person or corporation, private or municipal, this company shall, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for the loss resulting therefrom, and such rights shall be assigned to this company by the assured on receiving such payment." Mrs. Bowers brought suit against the Georgia Power Company, returnable to the January term, 1931, of Franklin superior court, wherein she alleged that the contents of the house destroyed by fire through the negligence of the Georgia Power Company were of the value of $3377 and that the value of the house was $6000, and "petitioner had the same insured for $2500; so that she credits said damage in said sum, and sues for the sum of $6877." This suit resulted in a judgment for Mrs. Bowers for the full amount sued for; and pending a hearing on the Georgia Power Company's motion for a new trial a settlement was made whereby, in consideration of the payment to her of $5000 by the Georgia Power Company, Mrs. Bowers executed to it a release forever discharging it "from any and all actions, causes of action, claims and demands, for, upon, or by reason of any damage, loss, or injury which heretofore have been, or which hereafter may be sustained by me in consequence of destruction of our home, furniture, furnishings and possessions by fire, on account of alleged defective wiring, as set out in suit of Mrs. Alice Bowers versus Georgia Power Company, which suit is hereby alluded to and made a part of this settlement. This is also in full satisfaction of verdict and judgment in above case; said damages, loss, or injury consisting of any and all damages or injury of any kind or character whatsoever resulting from said accident."

It was further alleged that under the terms of its policy and in equity the plaintiff became subrogated to Mrs. Bowers' cause of action against the Georgia Power Company upon its payment to

her of $2500 of her claim, and therefore she had no right to release the Georgia Power Company in so far as that $2500 was concerned; that the release executed by Mrs. Bowers is vague and should be construed by the court, and the rights of the parties fixed accordingly; that the Georgia Power Company "had full notice of the rights of" the plaintiff; that Mrs. Bowers' petition against the Georgia Power Company specifically referred to the fact that she was insured for $2500 which was accordingly deducted from her damage; that if the release covers the entire cause of action against the Georgia Power Company, it is a fraud upon plaintiff, and therefore of no avail to the Georgia Power Company as a defense against plaintiff's claim of $2500 against it. The petition prayed for cancellation and other equitable relief. Mrs. Bowers demurred on various grounds, asserting, among other things, that the petition set out no cause of action as against her. Her demurrer was, in the main, sustained, an order being passed dismissing the petition as against her in so far as it alleged any right of action against her, but retaining her as a party defendant for the sole purpose of construing the release. Thereafter the petition was dismissed on motion of the Georgia Power Company, and the insurance company excepted. As stated in the brief filed for the plaintiff in error, the sole question before this court is whether or not the lower court erred in sustaining the motion of the Georgia Power Company to dismiss the petition. In the view we take of the case, it is unnecessary to decide a number of questions that are raised and argued in the briefs. The plaintiff's right to subrogation is limited by the terms of its policy, and it is dependent upon a compliance by the plaintiff with the terms of the policy. At the time of the settlement between Mrs. Bowers and the Georgia Power Company the insurer had failed to assert any right to subrogation; at the time the insurer paid Mrs. Bowers $2500 it had not asserted any right to subrogation, and had not claimed that the fire was caused by the negligence of the Georgia Power Company. The insurer's failure to assert a right to subrogation constituted a waiver to assert it, and therefore the petition failed to set out a cause of action. *Fireman's Fund Insurance Co.* v. *Thomas,* 49 *Ga. App.* 731 (176 S. E. 690).

*Judgment affirmed. Presiding Justice Beck, Justices Gilbert, and Bell, and Judge Graham concur.*