## 50375. CITY OF CLAXTON v. CLAXTON POULTRY COMPANY, INC. et al.

BELL, Chief Judge.

In this suit against the City of Claxton by the Claxton Poultry Company and six insurance carriers as subrogees of the company, defendant's motion for summary judgment against all plaintiffs was denied. The denial was certified for immediate review. *Held:*

1. The motion as to the plaintiff poultry company was made on the ground that it failed to comply with the ante litem notice required by Code Ann. § 69-308.

The ante litem notice provisions of Code Ann. § 69-308 provides that the claim shall state "the time, place, and extent of such injury, . . . and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been presented to said governing authority for adjustment. . . " Substantial compliance with this statutory prerequisite to suit is all that is required. *Aldred v. City of Summerville,* 215 Ga. 651 (113 SE2d 108). Here the notice of the claim furnishes all the required particulars and is more than sufficient as it in detail described numerous acts of alleged negligence in the operation of the city-owned natural gas system which caused a natural gas explosion. There is no requirement contemplated by the statute or by case law that after receipt of a notice of claim the municipality may require additional information or that the city may demand that the complainant appear before its council for an informational hearing. After plaintiffs furnished a sufficient ante litem notice, the municipality was required to consider and act on the claim by settlement or denial. Further discovery procedures are available to the

city on the same basis offered by law to parties in all litigation proceedings.

2. As to the insurance carriers, the defendant urged that they are not proper parties. CPA § 20 (a) provides: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. . . " Code Ann. § 81A-120 (a). The insurers in accordance with their respective policies made payment to the Poultry Company and obtained subrogation receipts which assigned the claim to the insurers to the extent of payments made. In order to recover their payments they must bring suit in their own name. *Parker Plumbing &c. Co. v. Kurtz,* 225 Ga. 31 (165 SE2d 729). The respective claims for damages of all the plaintiffs arose out of the same transaction, the gas explosion, and questions of law and fact are common to all of them. Thus the insurers are proper parties. Defendant is not entitled to a summary judgment as to the insurers.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED MARCH 4, 1975 — DECIDED APRIL 29, 1975.

*Findley, Ratcliffe & Callaway, James E. Findley,* for appellant.

*Lee & Clark, Fred S. Clark, Corish, Smith, Remler & Moore, Malberry Smith, Jr.,* for appellees.