## 32461. DUNN v. THE STATE.

UNDERCOFLER, Presiding Justice.

R. R. Dunn was tried and convicted by a jury of discharging a firearm on Sunday not in defense of person or property contrary to Code Ann. § 26-9919a. He challenged the accusation by demurrer on the ground that this statute is unconstitutional because it violates equal protection. 1976 Const., Art. I, Sec. II, Par. III (Code Ann. § 2-203); *Ga. R. Co. v. Wright,* 125 Ga. 589 (54 SE 52) (1906). The trial court denied his motion and we affirm.

Code Ann. § 26-9919a provides: "It shall be unlawful for any person to wilfully or wantonly fire or discharge a firearm on Sunday. The provisions of this section shall not apply to (1) persons who shall fire or discharge a firearm in defense of person or property; (2) law enforcement officers; and (3) persons who shall fire or discharge a firearm at a firing range approved by the sheriff or police chief of the county or municipality in which the firing range is located and which is supervised by law enforcement officers or representatives of a local, State or National gun club."[1] Such legislation is permitted under the police power. *Berta v. State,* 223 Ga. 267 (154 SE2d 594) (1967). As long as the classifications are reasonable, and we hold that they are, this court will not interfere with the discretion of the General Assembly. Compare *Rutledge v. Gaylord's ,Inc.,* 233 Ga. 694 (213 SE2d 626) (1975); *Hughes v. Reynolds,* 223 Ga. 727 (157 SE2d 746) (1967).

---

[1] In 1976, the General Assembly added: "The provisions of this section shall not apply to any landowner on his own land." Ga. L. 1976, p. 1437, eff. July 1, 1976. We express no opinion as to the constitutionality of this amendment.

The accusation was sufficient to charge Dunn with a violation of this law. See *State v. Eubanks,* 239 Ga. 483 (1977).

*Judgment affirmed. All the Justices concur, except Jordan, Hill and Bowles, JJ., who dissent.*

SUBMITTED JUNE 24, 1977 — DECIDED
SEPTEMBER 7, 1977.

*Robert G. Dunn,* for appellant.
*Joe L. Houston, Solicitor,* for appellee.

JORDAN, Justice, dissenting.

I do not agree with the conclusion reached by the majority. The first two classifications of persons allowed to discharge a firearm on Sunday appear to be reasonable, i.e., persons in defense of person or property and law enforcement officers. The other two classifications, (i.e., members of gun clubs and property owners) are clearly arbitrary, not related to the police power of the state, and violate the equal protection of all other persons not belonging to this class or category. There is no rational basis for allowing this right or privilege to this selected class of the public and attaching criminality to all other persons doing the same act. The Act is therefore patently discriminatory. Art. I, Sec. II, Par. III of the Georgia Constitution (1976)(Code Ann. § 2-203).

I respectfully dissent. I am authorized to state that Justice Hill and Justice Bowles join in this dissent.