## 57666. HALL v. WHITE et al.

QUILLIAN, Presiding Judge.

This appeal arose out of a suit for damages resulting from an automobile collision. The trial judge directed a verdict in favor of the plaintiff on the issue of liability and the jury returned a verdict finding damages against the defendant in the sum of $1,000. The plaintiff appeals asserting that certain instructions to the jury were erroneous. *Held:*

1. The first and second enumerations of error are addressed to the following portions of the instructions to the jury.

The trial judge first charged: "Under the law, these medical bills, as well as any evidence of lost earnings, would not be recoverable by the Plaintiff except to the extent that Plaintiff has shown loss over and above those amounts collected by her under her own insurance coverage. As to the lost earnings, Plaintiff would be entitled to recover during the period of any disability and before she had exhausted her own insurance coverage, only lost income that would exceed $200.00 per week during that period."

Then came the statement: "should you find that the Plaintiff is entitled to recover some amount and if you should find that she did incur certain medical bills and that she did lose earnings, then, during the period in which she was disabled, you would be authorized to find in her favor only in an amount that has been shown to exceed $200.00 per week as a matter over the entire course of any disability that she might have shown."

This was immediately followed by the instruction: "Should you find it, you would be authorized to award damages to her for loss of earnings or for medical expenses only should you find that she has proved by a preponderance of the evidence that she has incurred such losses in an amount exceeding the amount of her own insurance coverage."

The plaintiff contends that the instructions were incorrect statements of the law and unduly limited her right to lost earnings since the $200 limitation would not apply after her insurance coverage was exhausted.

Under the Georgia Motor Vehicle Accident Reparations Act one can recover from a tortfeasor only those amounts in excess of compensation for economic loss provided under the Act. Code Ann. § 56-3410b (b) (Ga. L. 1974, pp. 113, 121) reads: "Any person eligible for economic loss benefits described in Section 3, subsection (b) [Code Ann. § 56-3403b (b)] is precluded from pleading or recovering in an action for damages against a tortfeasor, those damages for which compensation is available for economic loss under said section." While under the statute the plaintiff could only recover those amounts in excess of that provided by basic "no fault" coverage as described in Code Ann. § 56-3403b (Ga. L. 1975, pp. 1202, 1205), the plaintiff is not precluded from recovery as to amounts received from optional coverage provided by the purchase of additional personal injury protection (PIP). See, e.g. Code Ann. § 56-3404b (Ga. L. 1974, pp. 113, 117; 1975, pp. 3, 4; 1975, pp. 1202, 1206). The statute does not prevent one from receiving the benefits of additional PIP and suing the alleged tortfeasor for those same sums.

Here the trial judge limited the plaintiff's recovery to sums in excess of $200 or, at one point in the charge, after insurance coverage was exhausted. Moreover at another point the jury was told in effect that plaintiff could only recover an amount in excess of $200 over the entire course of her disability. This was error.

A correct charge would have instructed the jury that the plaintiff would be entitled to recover lost income only as it exceeded the weekly amount paid by no fault during her disability until her basic no fault benefits were exhausted. After such benefits were exhausted the plaintiff could recover loss of income without such limitation in amount during the course of her disability.

Since, under the instructions as given, the jury was permitted to award only sums in excess of $200 until plaintiff's insurance coverage (not basic no fault coverage) was exhausted, the portions of the charge complained of were incorrect statements of the law and served to unduly limit the plaintiff's right to recover lost earnings.

2. The remaining enumerations of error are without merit.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

SUBMITTED APRIL 5, 1979 — DECIDED JULY 3, 1979.

*Philip T. Keen,* for appellant.

*Smalley, Cogburn & Flynt, Robert H. Smalley, Jr.,* for appellees.