## 65089. McGLOHON v. OGDEN.

DEEN, Presiding Judge.

The appellant is the administratrix of the estate of Bob McGlohon, who was operating an automobile in which O. P. Ogden was a passenger on July 10, 1975, the time of the accident that produced the injuries sued for. McGlohon was insured as to liability and minimum PIP benefits of $5,000 by Hanover Insurance

Company. Ogden, the plaintiff, was insured by State Farm Mutual Automobile Liability Insurance Co., carrying optional PIP protection in the sum of $50,000. Both insurance companies paid these sums to the plaintiff, as PIP, less the amounts assignable to the medical expense coverage, a total of $50,938.29. Ogden thereafter sued the defendant, seeking, among other items, $93,600 for lost earnings to July 10, 1981, and $140,000 for future loss of earnings. The defendant moved for partial summary judgment on the basis that previously received benefits from PIP provisions of the State Farm and Hanover policies to the amount of $50,938.29 which plaintiff had already received should be deleted from the sums sought in this action, either by the court or by instruction to the jury to reduce any verdict in this amount. Plaintiff moved for partial summary judgment, contending that the sums sought for loss of wages and future lost earnings could not be reduced by such payments. The court held in favor of the plaintiff on both motions and defendant appeals.

1. (a) "The collateral source rule expresses a policy judgment in favor of encouraging citizens to purchase and maintain insurance for personal injuries . . . the benefits of which become payable without respect to any other possible source of funds . . . The Restatement [Torts, § 924] position is that a person whose interests of personalty have been tortiously invaded is entitled to recover damages for past or prospective loss of earning capacity or earnings; the damages are not reduced by the fact that the plaintiff has suffered no net financial loss as the result of the entire transaction, as where he receives insurance money or an amount equal to his lost wages . . ." 77 ALR3d, Anno., *Collateral Source Rule,* pp. 415, 419-420. See also 69 ALR3d, Anno., 826 et seq., *No-Fault: Right of Insurer to Reimbursement Out Of Recovery Against Tortfeasor,* p. 830 et seq. That the factum and extent of recovery by the plaintiff's insurer as against the plaintiff's recovery from the tortfeasor is generally a matter of statute, see Marquez v. Prudential Property &c. Co. (620 P2d 29) (1980); Simmons v. U. S. Fid. &c. Co. (405 A2d 675) (1978); Russell v. Mackey (592 P2d 902) (1979); Tillotson v. State Farm Mut. Auto. Ins. Co. (233 SE2d 295) (1977); Royal Globe Ins. Co. v. Connolly, 54 App. Div. 2d 1117 (389 NYS2d 207) (1976).

Where a right of subrogation is granted by statute to the plaintiff's no-fault insurer, it having paid the plaintiff the benefits for loss of income to which the latter is entitled under his policy, the right is a statutory one and must be exercised in the manner specified by the legislature. Where the plaintiff's insurer is subrogated to payments recovered by the plaintiff from the defendant's insurer and it is specified that the issue shall be settled between the insurance

companies by arbitration, failure to seek arbitration will prevent the plaintiff's insurer from recovery of any part of a verdict or settlement achieved by the plaintiff. Allstate Ins. Co. v. Ivie (Utah) (606 P2d 1197) (1980); Progressive Cas. Ins. Co. v. Kidd (Ky.) (602 SW2d 416) (1980).

Code § 56-3405b (d) (1) as it existed in 1975 (Ga. L. 1974, pp. 113, 119) provided, as to subrogation of insurers providing benefits without regard to fault under the Georgia Motor Vehicle Accident Reparations Act, that the right and amount of recovery be determined "by agreement on the basis of tort law between the insurers involved, or, if they fail to agree, by binding inter-company arbitration under procedures approved by the Insurance Commissioner."

Georgia has long adhered to the collateral source rule of benefit payments. *Bennett v. Haley,* 132 Ga. App. 512, 522 (208 SE2d 302) (1974). The rule has twice been applied by this court in holding that, as to optional PIP payments (in amounts under Code § 56-3404b of over $5,000 and up to $50,000), the plaintiff is not precluded from recovering the amounts received and thereafter suing the tortfeasor for the same sums, and that sums so received by the plaintiff from his own insurer as PIP protection came from a collateral source and need not be considered or subtracted in arriving at a verdict in an action between the plaintiff and the tortfeasor. *Hall v. White,* 150 Ga. App. 545 (258 SE2d 256) (1979); *City Council of Augusta v. Lee,* 153 Ga. App. 94 (264 SE2d 683) (1980). That Georgia has applied the same collateral source to other situations, including bailments, see *Cincinnati, N. O. &c. R. Co. v. Hilley,* 121 Ga. App. 196 (2) (173 SE2d 242) (1970) et cit. We have accordingly no hesitation in applying the collateral source rule to those optional PIP payments made to its insured (the plaintiff) by his insurer, State Farm, under Code § 56-3404b. From this it follows that the trial court properly denied McGlohon's motion for summary judgment and refused to allow evidence of such payment to go before the jury.

(b) We further agree with the foreign authority above cited that under the 1974 Act, Code § 56-3405b (d) (1) restricted State Farm's subrogation to a claim against Hanover Insurance Co., the defendant's insurer, and further limited it procedurally by the requirement that the amount of subrogation either be a matter of agreement between the companies or be referred to arbitration. State Farm apparently acceded to this statutory requirement by bringing an arbitration proceeding against Hanover. The matter was heard and resulted in a decision against State Farm and in favor of Hanover, which has apparently become final, to the effect that State Farm had failed to prove its case. As this was the only remedy extended to State

Farm by statute, and since it has been exhausted, the trial court's judgment is affirmed for this additional reason.

The appellant's confidence in *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447 (271 SE2d 844) (1980) is misplaced. In that case, as the opinion points out on page 448, the appellant filed a motion to intervene under the 1978 version of Code Ann. § 56-3405b (d) (1) (Ga. L. 1978, p. 2075), and the Supreme Court drew attention to the fact that both *Hall v. White,* supra, and *City Council of Augusta v. Lee,* supra, had proceeded under previous (1974 or 1976) legislation. The collision dealt with here occurred in July, 1975. See *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447, supra, p. 452, fn. 10: "Under the 'collateral source rule' which was recognized in *Lee,* supra, a tort plaintiff's receipt of benefits from a source independent of and collateral to the wrongdoer does not diminish the damages otherwise recoverable . . . Although *Hall* and *Lee* were decided on different grounds, together they hold that the Reparations Act does not preclude an insured from recovering from the responsibile tortfeasor those damages for which compensation is available as optional no-fault insurance under § 56-3404b, which is merely 'collateral source insurance.' " The appellant was not entitled to summary judgment as to the no-fault insurance paid by its insurer to the plaintiff.

2. Under Code § 56-3410b a person eligible for mandatory economic loss benefits covered in § 56-3403b may not recover such damages from the *tortfeasor* in an action against him. This refers to the mandatory $5,000 PIP benefits carried by the defendant's insurer, and to the extent that they have been paid to the plaintiff, in the event of recovery, they shall be deducted from the verdict in the trial court's final judgment. *Lee,* supra, division 2, p. 98.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 24, 1983 —

*Richard A. Brown, Jr.,* for appellant.
*Charles M. Jones, Billy N. Jones,* for appellee.