## 66672. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. CHASTAIN.

DEEN, Presiding Judge.

State Farm appeals from the denial of its motion for summary judgment and the grant of Chastain's motion for summary judgment on the question of liability. The issue underlying both motions, as stated by appellant, is as follows: "Whether an individual who, following recovery from a disabling injury, has returned to work on a full-time basis with the same company, at the same salary and with the same job title, but who has been restricted by his employer from performing all of the same job functions because of his alleged injury, which restrictions allegedly limit the amount of potential overtime income said individual may earn, may, as a matter of law, apply for and receive disability benefits under the Georgia Motor Vehicle Accident Reparations Act to recover for such alleged lost income."

1. Logic and a careful study of the no-fault statute convince us

that the appellee is not prohibited thereunder from seeking a recovery of benefits for lost overtime income merely because he is employed fulltime. The only criterion for entitlement to disability benefits as defined by OCGA § 33-34-2 (Code Ann. § 56-3402b) is whether the plaintiff is unable to perform "substantially all of the duties required by his usual occupation." "Economic loss" occurs whenever the plaintiff has "suffered a loss of income as a result of the injury." *Vansant v. Allstate Ins. Co.,* 142 Ga. App. 684, 687 (236 SE2d 858) (1977). Appellee's deposition testimony was uncontroverted as to the permanent restrictions placed upon his future work duties which would deny him any opportunity to earn overtime wages.

We do not agree with appellant that it is impossible as a matter of law to produce reasonable proof as to how much overtime income appellee would have earned in any given month. While the amount might vary from month to month, there was evidence that throughout his 26 years employment with Southern Bell prior to the injury, appellee's job involved extensive overtime work. Proof was submitted as to appellee's overtime earnings for approximately the last ten years, as well as data concerning similarly situated crew members for the periods subsequent to his injury. This would be sufficient to prove damages as compensation for injury under OCGA § 51-12-4 (Code Ann. § 105-2001). See *Ga. Farmers' Market Auth. v. Dabbs,* 150 Ga. App. 15, 19 (8) (256 SE2d 613) (1979), and cases cited.

Nor do we agree that because appellee was also suing his tortfeasor for damages due to his diminished earning capacity, this would allow an unauthorized double recovery. While OCGA § 33-34-9 (Code Ann. § 56-3410b) specifically prohibits the plaintiff from pleading or recovering against a tortfeasor "those damages for which compensation is available for economic loss under [OCGA § 33-34-4 (Code Ann. § 56-3403b)]," recovery is not precluded "as to amounts received from optional coverage provided by the purchase of additional personal injury protection (PIP). [Cits.] The statute does not prevent one from receiving the benefits of additional PIP and suing the alleged tortfeasor for those same sums." *Hall v. White,* 150 Ga. App. 545, 546 (1) (258 SE2d 256) (1979). See also *City Council of Augusta v. Lee,* 153 Ga. App. 94 (2) (264 SE2d 683) (1980). Since appellee was seeking benefits under these optional coverage provisions, no unauthorized double recovery would occur. See *Atlanta Transit System v. Biggs,* 133 Ga. App. 960 (2) (213 SE2d 87) (1975); *State Farm Mut. Auto. Ins. Co. v. Five Transp. Co.,* 246 Ga. 447, 452 (fn. 10) (271 SE2d 844) (1980). See generally, Eldridge, Ga. Personal Injury & Property Damage — Damages, § 5-4 (1978).

2. The record does not support the appellant's contention that the trial court erroneously granted appellee's motion for summary

judgment on the issue of "liability," rather than the "applicability" of OCGA § 33-34-2 (2) (Code Ann. § 56-3402b) coverage to the situation involved here. The issue of liability for overtime wage loss was briefed and argued by both parties in the trial court and on appeal. No question as to whether appellee was "medically disabled" was presented since all benefits sought by him, except those for overtime wage loss under the optional no-fault coverage, had previously been paid. This enumeration is without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 8, 1983.

*Elmer A. Simpson, Jr., Francis C. Schenck,* for appellant.
*Stefano A. Didio, Rex T. Reeves,* for appellee.