769 F.2d 714
 The EMPLOYERS' FIRE INSURANCE COMPANY, Plaintiff,
v.
CANAL INSURANCE COMPANY, Defendant.
CANAL INSURANCE COMPANY, Plaintiff-Counter-Claim Defendant-Appellee,
v.
EMPLOYERS' FIRE INSURANCE COMPANY,
Defendant-Counter-Claim-Plaintiff/Cross-Claim
Defendant-Appellee,
John Calvin Smith,
Defendant-Cross-Claim-Plaintiff/Counter-Claim-
Plaintiff-Appellant,
Jimmy Carter, Defendant-Cross-Claim-Defendant.
 No. 84-8821.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 26, 1985.
 
 Richard B. Eason, Jr., Atlanta, Ga., for appellant.
 Gary L. Seacrest, Stephen M. Worrall, Atlanta, Ga., for appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY and FAY, Circuit Judges, and DUMBAULD*, District Judge.
 PER CURIAM:
 
 
 1
 This diversity action presents an issue as to priority of claims to insurance proceeds involving construction and application of the Georgia Motor Vehicle Accident Reparations Act, O.C.G.A. Sec. 33-34-1 et seq. Because a question of state law appears to control the outcome of this case and there are no clear controlling precedents in the decisions of the Georgia Supreme Court, we certify the question to the Georgia Supreme Court under Rule 36 of the Georgia Rules of Appellate Procedure.
 
 
 2
 CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO RULE 36 OF THE SUPREME COURT OF GEORGIA, TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF.
 
 
 3
 (1) Style of the Case
 
 
 4
 The style of the case in which certificate is made is John Calvin Smith, Appellant, versus Canal Insurance Company, Employers' Fire Insurance Company and Jimmy Carter, Appellees, Case No. 84-8821, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Northern District of Georgia, Atlanta Division.
 
 
 5
 (2) Statement of Facts
 
 
 6
 John Smith was injured on April 19, 1981 when a GMC Astro Tractor, weighing in excess of 6500 pounds, collided with the rear of his pick-up truck as he waited at a traffic signal. Under his no-fault insurance policy with Employers' Fire Insurance Co. ("Employers' "), which included personal injury coverage, Smith received $50,000. Jimmy Carter, the driver of the tractor, was insured by Canal Insurance Company ("Canal") which has conceded that it owes $50,000 under Carter's liability policy. Employers' asserts a claim to the $50,000 coverage as a subrogee of its insured, Smith. Smith claims that he is entitled to Canal's $50,000 because he sustained damage of over $100,000, only $50,000 of which was paid by his no-fault insurer, and Employers' is not entitled to subrogation against Canal until his damages have been fully compensated.
 
 
 7
 This case commenced as two separate actions. On August 5, 1982, Employers' filed suit against Canal in Superior Court in DeKalb County, Georgia. The action was removed to the United States District Court for the Northern District of Georgia on September 7, 1982. On September 29, 1982, Canal filed an interpleader action seeking a declaratory judgment delineating the rights and liabilities of the relevant parties in which it named Employers', Smith and Carter as defendants. Employers' and Smith both answered Canal's interpleader complaint and filed counterclaims. Smith additionally filed crossclaims against Employers' and Carter. Carter filed no answer. By district court order dated March 18, 1983, the two actions were consolidated.
 
 
 8
 The district court, citing McGlohon v. Ogden, 251 Ga. 625, 308 S.E.2d 541 (1983), concluded that under Ga.Laws 1978, p. 2075 (codified as amended at O.C.G.A. Sec. 33-34-3(d)(1)), Employers' is entitled to subrogation to the extent of the tortfeasor's insurance coverage before its insured has been fully compensated. In McGlohon, however, the Georgia Supreme Court did not resolve this issue, but rather held that where "plaintiff's no-fault insurer is entitled to subrogation, the plaintiff's recovery from the tortfeasor must not include damages for which the plaintiff has been compensated by his or her no-fault insurer." McGlohon, 308 S.E.2d at 543 (emphasis supplied). This case is different because the injured seeks damages for as yet uncompensated losses.
 
 
 9
 Although for purposes of the McGlohon facts, the Court concluded that the 1974 and 1978 statutes were "essentially the same," it is not clear that the same would hold true in Blaylock v. Georgia Mutual Ins. Co., 239 Ga. 462, 238 S.E.2d 105 (1977) wherein the issue decided was substantially similar to that here.
 
 
 10
 None of the other cases cited by the parties construe the precise meaning of the 1978 statute in the context here presented.
 
 
 11
 (3) Question to be Certified
 
 
 12
 Is a no-fault insurer which has paid personal injury benefits to its insured injured in a 1981 motor vehicle accident, entitled, under Georgia law, to a right of action by subrogation against the tortfeasor's liability insurer before its injured is fully compensated for uncompensated economic and non-economic losses?
 
 
 13
 The particular phrasing used in the certified question is not intended to restrict the Supreme Court's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. See Martinez v. Rodriquez, 394 F.2d 156, 159 n. 6 (5th Cir.1968).
 
 
 14
 The clerk of this Court is directed to transmit this certificate, as well as the briefs and record filed with the Court, to the Supreme Court of Georgia and simultaneously to transmit copies of the certificate to the attorneys for the parties.
 
 
 
 *
 Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation