### 48767. COLUMBUS, GEORGIA v. HADLEY et al.

EBERHARDT, Presiding Judge. Willie Hadley and his wife Sarah brought suit for damages against defendant municipal corporation, alleging that Sarah was injured while a fare-paying

passenger on a bus operated by the defendant. It was further alleged that defendant operated a fleet of passenger buses serving the general public within and adjacent to the metropolitan area known as Columbus, Georgia, and that the operators of the buses collect from patrons or riders a fare for the privilege of riding upon the buses. These allegations were admitted in defendants' answer. According to the complaint, the injuries were sustained due to the negligence of the bus driver in operating the bus while Mrs. Hadley was a passenger thereon.

In its answer defendant denied negligence and set up the defense of governmental immunity in the operation of its bus as part of the Columbus Transportation System, authorized by Section 4-503 of its charter (Ga. L. 1971, Ex. Sess., pp. 2007, 2048). A motion for summary judgment claiming governmental immunity was denied, and defendant appeals with a certificate for immediate review. *Held:*

It is a cliche that no satisfactory test has been devised for distinguishing between governmental (or legislative) functions and ministerial (or proprietary) functions. A review of Prof. Sentell's monograph, The Law of Municipal Tort Liability in Georgia,[1] pp. 5-40, reflects the confusion in this area. Confronted with this situation, and in the absence of any statutory declaration of governmental immunity or classifying it as a governmental function, the best recourse to determine whether any given municipal activity of this kind is protected by the shield of governmental immunity is found in cases which actually classify that particular activity. Unfortunately, there are no cases in our own courts dealing with the present activity, and we must confess failure in being able to discover from our own cases classifying other activities any test appropriate here for making the governmental-ministerial distinction which has not been disregarded, explained away, or simply not considered in other cases. We note that Code § 69-301, the center of the governmental-ministerial vortex, was codified from *Collins v. Mayor &c. of Macon,* 69 Ga. 542, and *Rivers v. City Council of Augusta,* 65 Ga. 376, and that the Supreme Court in those cases relied upon the text writers and authority from other jurisdictions in making those historic rulings. In the present

---

[1]Institute of Law and Government, University of Georgia School of Law, Athens, Georgia (1964).

circumstances, and absent any statutory provision on the particular matter, it appears that we do likewise.

"In operating a system of buses for the transportation of passengers for hire, a city functions in its corporate, as distinguished from its governmental capacity, and may be held liable for injuries sustained through the negligent operation of a bus. A city is liable as a common carrier with respect to passengers, and is required to exercise a high degree of care for their safety, not only while being transported, but also when entering the vehicle, or alighting therefrom. The municipality is not, however, an insurer of the safety of its passengers, and ordinarily is not liable for damages resulting from sudden stops, or jerks or jolts of the vehicle, nor for unusual conditions on the streets or sidewalks, unless municipal negligence is established. As to persons other than passengers, such as pedestrians, or motorists, ordinary care is required in the operation of buses.

"The general principles of the law of negligence, as enforced in the particular jurisdiction, . . . are usually applied as in the case of a private carrier. Recovery against the city will be denied if the evidence is insufficient to prove negligence on the part of the bus driver. As in other cases, negligence and contributory negligence are ordinarily questions of fact for the jury." 18 McQuillin, Municipal Corporations 426, § 53.108 (3d Ed., rev.).

Since the only defense asserted here is governmental immunity, and that defense is found to be without merit, the order denying summary judgment to defendant is affirmed.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

ARGUED NOVEMBER 9, 1973 — DECIDED JANUARY 7, 1974 — REHEARING DENIED JANUARY 22, 1974 —

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellant.
*Kelly, Champion, Denney & Pease, Edward W. Szczepanski, Jr.,* for appellees.