58901. CITY COUNCIL OF AUGUSTA et al. v. LEE.

McMurray, Presiding Judge.

On or about May 13, 1976, in the afternoon, Joseph Darlyn Lee, while standing at or near the south curb line of 3032 Lake Forest Drive, Augusta, Georgia, was struck by a public bus owned and operated by the City Council of Augusta from which he received certain personal injuries. Thereafter, he brought a tort action against the bus driver, Samuel N. Nix, and the City Council of Augusta seeking damages in the amount of $782,348.06. (The recast complaint, as amended, prayed for $972,288.46.) He alleged therein that he had presented the ante litem notice required by Code Ann. § 69-308 (Ga. L. 1953, Nov. Sess., p. 338; 1956, pp. 183, 184) in accordance with law but had not been advised of any action of the defendant city council as to his claim. He also alleged that he was a practicing physician in the City of Augusta, specializing in the field of surgery. He sought damages for pain and suffering, permanent disability, and various and sundry medical expenses, all of which were shown to amount to very serious injuries to his person.

Defendants answered admitting jurisdiction, the ownership and operation of the public bus system in the City of Augusta charging fares to passengers; that plaintiff was a practicing physician specializing in the field of surgery in Augusta; that defendant Nix was at the time and place of said collision an employee of defendant city council and was operating the said bus within the scope of his authority, and that the ante litem notice required by Code Ann. § 69-308, supra, had been presented. They also admitted that the collision occurred on or about May 13, 1976, at approximately 3:30 p.m. in front of plaintiff's residence known as 3032 Lake Forest Drive but contend that plaintiff was standing in the right of way of Lake Forest Drive and in the path of said bus, and "his negligence was the sole and proximate cause of said injuries." The claim for damages in any amount was

denied.

Prior to trial on January 8, 1979, the defendant city council filed a motion to limit damages contending that it was operating a "fixed-route transit bus system as a governmental function of a municipality under the doctrine of municipal [sovereign — subdivision of the state] immunity, [and] any recovery in excess of the extent to which municipal immunity is waived, is barred." This motion was to be heard on January 12, 1979. Further, in the course of preparation for trial, defendants caused a motion picture reproduction of the scene to be made at the collision site as to the alleged involvement of the bus and the pedestrian. This was disclosed to the plaintiff following discovery.

Prior to trial, on January 12, 1979, plaintiff filed a motion in limine setting forth therein that he had been paid the sum of $5,000 from defendant's (City Council of Augusta) insurance carrier as partial compensation for his injuries and damages sustained, and requesting that defendants and their counsel refrain from making any reference, direct or indirect, upon the trial of the case as to the fact that payment had been made to plaintiff from the proceeds of insurance; that if the jury should render a verdict in favor of plaintiff, the court thereafter subtract therefrom the sum of $5,000 in reducing said verdict to a judgment; that defendants and their counsel refrain from making any reference, direct or indirect, or from asking any question of any witness which would be likely to elicit any information as to income taxes for which plaintiff might be or have been liable for past earnings or lost earnings or from referring to the income tax question in any way upon the trial of this case; and that no "movie film" be allowed to be introduced in evidence upon the trial of this case.

A pretrial order was issued on January 16, 1979, by the trial court in which the motion to limit damages was overruled after consideration of the evidence (affidavits submitted), based upon *Columbus, Ga. v. Hadley*, 130 Ga. App. 599 (203 SE2d 872). With regard to the motion in limine the trial court ruled the evidence of income tax paid, or to be paid by plaintiff, on past or future earnings, not to be admissible, citing *Seaboard C. L. R. Co. v.*

*Thomas,* 125 Ga. App. 716, 717 (4) (188 SE2d 891) affirmed on other grounds, s.c., 229 Ga. 301 (190 SE2d 898). The court reserved its ruling upon the admissibility or inadmissibility of the defendants' film until the time of trial.

After further discovery and the recasting of the complaint, as thereafter amended, the court entered another pretrial order on March 19, 1979, which held, after consideration of evidence presented and a review of the film and argument by counsel, that the motion picture film did not "constitute a fair and accurate representation of the incident that is the subject matter of the lawsuit, is based upon substantially different facts than those presented by the testimony at the hearing, is likely to be prejudicial and misleading to the jury and the motion picture film adds nothing but visual images to the mental image produced by the testimony of Defendant Nix to the extent that it even accurately reflects that testimony," citing *Eiland v. State,* 130 Ga. App. 428 (203 SE2d 619). The court then precluded the introduction of the motion picture film by the defendants.

On March 21, 1979, the trial court rendered another order as to the motion in limine in which it found that the plaintiff had been paid basic no-fault insurance benefits of $4,900 by the defendant City Council of Augusta's insurance carrier in partial settlement and that plaintiff had been paid $45,000 in optional no-fault insurance benefits by his own insurance carrier. The court then held that should the jury impaneled to try the cause render a verdict in favor of the plaintiff and against defendants, the court, after said verdict is received and published, shall write down (reduce) the amount of any such verdict by the sum of $4,900, that is, if said verdict is in excess of that sum or up to the sum of $4,900 if the amount of said verdict is $4,900 or less. However, the court decided that the $45,000 received by the plaintiff from his own insurance carrier was "collateral source insurance," and no mention of that payment should be made during the trial.

The jury returned a verdict for the plaintiff and against the defendants in the amount of $502,000. Whereupon the trial court in its judgment reduced the judgment by $4,900, rendering same in favor of the

plaintiff in the amount of $497,100. The defendants moved for a new trial which was thereafter amended and denied both as to the general grounds and as to each special ground contained in the amended motion for new trial. The defendants appeal. *Held:*

1. The defendants, recognizing that *Columbus, Ga. v. Hadley,* 130 Ga. App. 599, supra, is controlling as to the operation of a municipal bus system as a proprietary function of a municipality, have requested that this case be overruled. The basis for the defendants' attempt to overrule this case is that it is now an aberration and was wrongly decided in that it was the product of history and judicial evolution, and since that decision (1974), the operation of the bus system by the City Council of Augusta is no longer one primarily as a source of revenue, and it should now be properly classified as a public benefit type service for which incidental usual charges are made. Defendants' counsel contends that the usual charges (fares) are now more similar to the incidental revenue derived from an auditorium, a park, or a hospital patient's fees (governmental functions rather than ministerial). Counsel contends that the operating expenses now exceed revenue, is an activity which benefits the entire community of Augusta and Richmond County as a whole, undertaken as a public service rather than for pecuniary gain, and it should now be classified as a governmental function rather than a ministerial one. We do not feel that the situation was any different in 1976 than it was in 1974 when the *Hadley* case was written. Further, it is our opinion that this court was correct in its decision in *Columbus, Ga. v. Hadley,* 130 Ga. App. 599, supra, and that the operation of a public transportation system should remain a ministerial function of those municipalities which undertake the operation of same. We find no merit in the first enumeration of error which contends that the trial court erred in holding that the operation of a scheduled fixed-route transit bus system may subject the municipality to suit, hence the doctrine of sovereign immunity is not available to the corporate city government as a defense to an action brought by one injured by the allegedly tortious conduct of its agent or servant, that is, same is a proprietary or ministerial

function for which the corporate city is liable under a respondeat superior theory for the alleged tortious actions of its agents and servants.

2. The trial court did not err in sustaining the plaintiff's motion in limine so as to exclude evidence of, argument about, and a charge pertaining to, personal injury protection benefits (PIP) paid to the plaintiff. The trial court did not err in reducing the verdict by only $4,900 representing the basic personal injury protection benefits provided in advance by the defendant City Council of Augusta and also in excluding the $45,000 in benefits paid to the plaintiff by his own insurer under a policy of insurance for the payment of additional personal injury protection (APIP). The $4,900 ($5,000 reduced by $100 deductible according to defendants' brief) was properly excluded by the trial court in its final judgment inasmuch as Code Ann. § 56-3410b (Ga. L. 1974, pp. 113, 121) precludes pleading or recovering insurance in an action for damages against a tortfeasor those damages for which compensation is available (here paid by the tortfeasor) for economic loss. However, it is quite clear that here we were involved with a serious injury as defined in subsection (j), Code Ann. § 56-3402b (Ga. L. 1974, pp. 113, 114; 1975, pp. 1202, 1203).

The payment received by the plaintiff from his own insurer, here shown to be optional coverage or additional personal injury protection authorized by Code Ann. § 56-3404b (Ga. L. 1974, pp. 113, 117; 1975, pp. 3, 4; 1975, pp. 1202, 1206), is in nowise controlled by the language with reference to a minimum insurance coverage as found in Code Ann. § 56-3403b (Ga. L. 1974, pp. 113, 116; 1975, pp. 1202, 1204). As the trial court stated and held, it is "collateral source insurance" provided by contract by and between the plaintiff and his insurer, and same is not material and relevant to the issues in this case between the plaintiff and the tortfeasor. See in this connection *Georgia Cas. &c. Co. v. Waters,* 146 Ga. App. 149, 153 (246 SE2d 202) with reference to situation 4 and not situation 5 therein illustrated and compared. While the discussion of the different situations involving basic PIP and what is otherwise known as additional PIP by different insurers may be obiter, we think the discussion is correct as to the

situation involved in the case sub judice. See also *Hall v. White,* 150 Ga. App. 545, 546 (1) (258 SE2d 256). There is no merit in this complaint.

3. "In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial." *Patillo v. Thompson,* 106 Ga. App. 808, 809 (1) (128 SE2d 656). See also *Powell v. Manning,* 242 Ga. 778, 780 (251 SE2d 522). The trial court did not err in electing to write down (reduce) the verdict by the amount of the PIP coverage rather than in instructing the jury to do so.

4. While Georgia follows a liberal policy in the admission of photographic evidence (*Cagle Poultry &c. Co. v. Busick,* 110 Ga. App. 551, 552 (139 SE2d 461)), it is for the court to decide in the exercise of its discretion as to whether or not under the evidence a photograph or movie film, as here, is a fair and accurate representation of the scene sought to be depicted. We find no abuse of discretion. See *Curtis v. State,* 224 Ga. 870, 873 (5) (165 SE2d 150); *Johnson v. State,* 158 Ga. 192, 198 (123 SE 120); *Louisville &c. R. Co. v. Moreland,* 122 Ga. App. 850 (3), 855 (178 SE2d 904). As stated in *Eiland v. State,* 130 Ga. App. 428, 429 (1), supra, where the movie film was posed and certainly in some degree "substantially different from the facts of the case, and which because of the differences might well be prejudicial and misleading to the jury . . . and . . . the situation or event sought to be depicted is simple, the testimony adequate, and the picture adds *nothing except the visual* image to the mental image already produced," the trial court did not abuse its discretion in excluding the motion picture film.

5. Defendants' remaining enumeration of error as to the sufficiency of the evidence has not been argued and is deemed abandoned.

*Judgment affirmed. Banke and Sognier, JJ., concur.*

ARGUED OCTOBER 30, 1979 — DECIDED JANUARY 16, 1980 —

*Samuel F. Maguire, Stephen E. Shepard,* for

appellants.

*Samuel C. Waller, Charles C. Stebbins, III, Roy D. Tritt,* for appellee.