37531. DOUGLAS COUNTY RESOURCES, INC. v. DANIEL et al.
37532. DOUGLAS COUNTY RESOURCES, INC. v. YARBROUGH et al.

JORDAN, Chief Justice.

The appellant is a Georgia nonprofit corporation sponsored by the Douglas County Retardation Association for the purpose of developing community living environments for retarded citizens.

The appellant obtained a loan from the U. S. Department of Housing and Urban Development to acquire property and construct

two homes in single family zoned areas of the county, after assurances from the Planning and Zoning Director and Board of Commissioners that group family residences for retarded citizens were permitted under this zoning classification. It was contemplated that each home would have four functional adult retarded citizens, along with a married couple as surrogate parents, and that the residents would have employment and contribute a part of their wages for operation of the homes. After the construction of the houses was started the plaintiff-appellees brought this action to enjoin the use of the houses alleging a violation of the zoning ordinance and that such a use would cause a diminution in value of their property. The trial court enjoined the intended use and defendants appeal. We reverse.

1. Enumerations of error 1 and 2 contend the trial court erred in enjoining the use of the property until such time as the zoning has been changed.

The ordinance defined family as: "One or more persons occupying a dwelling unit and living as a single, nonprofit housekeeping unit." There is no requirement in the ordinance that the parties occupying a housekeeping unit be related and the testimony of the Director of the Zoning and Planning Commission was that it could be someone keeping foster children or three or four different people living together as a unit.

The evidence was that the residents will keep house, prepare their meals, do yard work, shop for groceries and clothes and own an automobile. It was also shown that the residents would contribute a percentage of their earnings toward the expense of operating the home and could eventually own the home.

"Provisions establishing residential districts or areas are to be reasonably construed in the light of the language used, the purpose served, and the facts and circumstances of the case." 101 CJS 910, Zoning, § 149.

Under the R-2 Zoning classification, very liberal use is permitted, including home occupations, public or quasi-public playgrounds, the keeping of domestic animals and use as a foster home. To enjoin the use of the homes here because the intended occupants are retarded would discriminate against one group for reasons not established by the evidence.

Under the facts in the present case the Zoning and Planning Commission properly determined that the intended use was within the zoning classification and the trial court erred in enjoining its use. See Oliver v. Zoning Comm. of Chester, 326 A2d 841 (Conn., 1974) and Hessling v. City of Broomfield, 563 P2d 12 (Col., 1977).

2. The remaining enumerations of error need not be dealt with in view of the ruling in Division 1.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 7, 1981.

*Clifton & Helms, Marshall L. Helms,* for appellant.
*Jonathan Zimring,* amicus curiae.
*Hartley, Rowe & Fowler, Joseph H. Fowler,* for appellees.