## 37549. CITY OF COLLEGE PARK v. FLYNN et al.

JORDAN, Chief Justice.

The City of College Park appeals from entry of a declaratory judgment determining that the Flynns' operation of a group personal care home for mentally disabled persons within a "C-L" or "Commercial-Limited" zoning district does not violate the city's zoning ordinance.

The Flynns have received from the State and Fulton County health agencies twelve persons who suffer from various mental disabilities but who do not have illnesses, injuries or disabilities which require continuing medical or nursing services. By contract and for remuneration, the Flynns assume twenty-four hour responsibility for the well-being of these persons, including such matters as being informed about their whereabouts at all times, and supervising them in the areas of nutrition and personal hygiene.

The Flynns' home in which they and these persons live is situated on a block of one-family residences lying within a commercially-zoned district in the city. Permitted uses within this "C-L" or "Commercial-Limited" zoning district include hotels and motels, restaurants, government or private office buildings, laboratories, banks, package stores for the sale of alcoholic beverages, drug stores, book and stationery stores, dry cleaners, photographer's or artist's studios, beauty or barber shops, public or private schools or colleges other than certain types of vocational schools, libraries, museums, art galleries, radio and television stations, telephone exchanges, medical or dental clinics, as well as other uses and accessory uses. Use within the district of premises for a "dwelling" is permitted only in those cases where such use and the building were in existence on a lot of record at the effective date of the ordinance.

The Flynns were encouraged by the city to apply for a permit for the conditional use of their residence as a "nursing home." Their application was denied, and they did not appeal this decision to the superior court in accordance with the procedural provisions of the zoning ordinance because they are of the opinion that they are not operating a nursing home.

1. We need not determine whether the Flynns' use of their home was "for governmental purposes" within the meaning of cases such as *Evans v. Just Open Government,* 242 Ga. 834 (251 SE2d 546) (1979), so as to insulate their property from an imposition of the city zoning ordinance. Neither need we reach the procedural issues presented on appeal. A judgment that is right for any reason will not be reversed. *Coker v. City of Atlanta,* 186 Ga. 473 (1) (198 SE 74) (1938).

2. This case is controlled by our decision in *Douglas County*

*Resources v. Daniel,* 247 Ga. 785 (280 SE2d 734) (1981). The city's zoning ordinance defines the word "dwelling" as "Any building or portion thereof, but not an automobile house trailer, which is designed for or used for residential purposes." Separately defined using their generic meanings are the terms "Dwelling, single-family" and "Dwelling, two-family." Reasonably construed in light of the purposes to be served and the facts and circumstances of this case, the language of the zoning ordinance does not preclude utilization of the Flynns' home by members of their family and by the mentally-disabled persons for whom they care.

We cannot fail to note in passing that although apartments are not specifically mentioned as conforming uses in the "Commercial-Limited" portions of the ordinance, the use of that specie of dwelling in fact has been permitted to exist across the street from the Flynns' property. The Flynns' home no less fits the defined term "dwelling" because of the numbers or the mental disabilities of its residents.

*Judgment affirmed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981—
REHEARING DENIED SEPTEMBER 29, 1981.

*Glaze & McNally, Robert Mark Mahler, Kirby A. Glaze,* for appellant.

*Daniel F. Byrne,* for appellees.

ON MOTION FOR REHEARING.

The City contends that the current definition of "family" in its zoning ordinance precludes the use to which the Flynns are putting their home. Municipal ordinances must be proven. This court cannot take judicial notice of municipal ordinances. *Oliver v. City of Macon,* 241 Ga. 306 (245 SE2d 280) (1978). The word "family" has been deleted from the definitions section of the ordinance in the transcript of proceedings and the new section of the ordinance, if any, does not appear in the record or transcript of proceedings. We thus are relegated to the generic meaning of the word. Webster's first definition of "family" is "all the people living in the same house; household." Webster's New World Dictionary, Second College Edition. The generic definition of family therefore imposes no limitation as to the number of persons residing within a "dwelling" or their relationship by blood, adoption, marriage or otherwise. Neither is it of legal significance in this case that the owner or owners of the "dwelling" receive remuneration from or in behalf of some or all of

the residents.

The key word in the ordinance is "dwelling." The ordinance's definition of "dwelling" proven of record in the present case is "Any building or portion thereof, but not an automobile house trailer, which is designed for or used for residential purposes." The Flynns' home certainly is a "dwelling" for purposes of the zoning ordinance.

One category of permitted use within an area of the city zoned "C-L" or "Commercial-Limited" is a "dwelling, nursery, retail establishment, drive-in restaurant, and service station only in those cases in which such specific uses and buildings were in existence on lots of record at the time of the application of this article." The city does not contend that the Flynns' home was not in place on the lot on the effective date of the zoning ordinance but does assert that the specific use to which the Flynns now put their property is forbidden because it was not in existence on the ordinance's effective date. We disagree. The specific use to which the Flynns' home was put on the effective date of the ordinance and to which it was put when this case was tried was a "dwelling" within the meaning ascribed to that word in the zoning ordinance. A "family," in the generic sense of that word, resided there then and resides there now. The numbers and relationships of the members of that "family" and any remuneration contributed by or in behalf of them to the "family" in which they reside are not relevant to the issue presented in this case.

*Motion for rehearing denied.*