## 39911. JUHAN v. CITY OF LAWRENCEVILLE.

CLARKE, Justice.

Mary Alice Juhan brought an action against the City of Lawrenceville seeking to have a city contract with Public Service Displays Company (PSD) declared void and without authority and to have the benches which were the subject of the contract removed from public property. The trial court denied her all the relief sought. We affirm.

The City of Lawrenceville entered into a contract with PSD granting the company a ten-year right to erect and maintain benches on public property. In consideration for the right to place commercial advertising on the backs of the benches, PSD agreed to provide and maintain a minimum of 50 benches at no cost to the city. The contract provides that the benches be placed near bus stops and other areas where seating for pedestrians is desirable and that no public right of way shall be obstructed. The city is given the right to control the structure and the location of the benches to ensure their best use and that there is no obstruction of vision for drivers of vehicles.

Ms. Juhan contends the contract is void on the grounds that the city has no authority to appropriate public property to a private purpose or for private gain and that the contract length violates OCGA § 36-30-3 (Code Ann. § 69-202) which prevents a present council from binding future councils in legislative matters.

1. The charter of Lawrenceville grants "all powers possible for a city to have under the present or future Constitution and laws of this State. . . ." Ga. L. 1977, pp. 3164, 3165. The appellant maintains that without some specific legislative authority the city has no power to

grant the use of the sidewalks, a public right of way, for a purely private purpose, commercial advertising, relying on *City Council of Augusta v. Reynolds,* 122 Ga. 754 (50 SE 998) (1905) and *Laing v. Mayor &c. of Americus,* 86 Ga. 756 (13 SE 107) (1891). *Reynolds* involved the city allowing a carnival to be set up in a public street. The court found that not only was the purpose purely private but also found the activity to be a public nuisance which would obstruct the use of a public street. *Laing* involved the erection of a permanent addition to a business which extended into a public street; the only use was a private use.

These and other cases cited by appellant are distinguishable because here there is a public purpose of providing benches, there is no expenditure of public revenue, and there is no interference with public access and travel on right of ways. The city has not relinquished control of public property to a private concern. The city's grant of the right to place these benches on public property has a beneficial and not a detrimental effect on the public. The placing of advertising on the benches does not change this result. The advertising is simply the consideration for furnishing public improvements and violates no law. We hold that the subject matter and execution of this contract was within the authority of the city.

2. The appellant contends that the time limit of the contract renders it invalid as a violation of OCGA § 36-30-3 (Code Ann. § 69-202) in that it extends over a period when successor city councils will be holding office. The city contends that the contract length is reasonable under the circumstances and therefore the time limits will not render an otherwise valid municipal contract void. *Jonesboro Athletic Assn. v. Dickson,* 227 Ga. 513 (181 SE2d 852) (1971). Ms. Juhan, the appellant is suing as a citizen-taxpayer. A citizen-taxpayer has standing in equity to restrain public officers from performing acts which the law does not authorize. *League of Women Voters v. City of Atlanta,* 245 Ga. 301 (264 SE2d 859) (1980). However, absent expenditures of public revenue or performance of a duty owed to the public a citizen-taxpayer has no standing in equity unless she has special damages not shared by the general public. *City of East Point v. Weathers,* 218 Ga. 133 (126 SE2d 675) (1962). Ms. Juhan has alleged no such injury. We hold she has no standing to attack the reasonableness of the length of the contract.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Harrison & Harrison, G. Hughel Harrison,* for appellant.

*Jordan & Jordan, Hill R. Jordan,* for appellee.