### 41378. PATE et al. v. CABALLERO et al.
(325 SE2d 375)

SMITH, Justice.

Rachel and Bobby Joe Pate, appellants, sued Dr. Ivan Caballero and Dr. Brooks Cagle for malpractice and loss of consortium. The doctors answered, claiming sovereign immunity. When appellants sought production of any malpractice insurance covering appellees, appellees sought a protective order based upon OCGA § 45-9-1 (c) to prevent discovery of any insurance policies.

The trial court denied appellees' motion for the protective order, and the Court of Appeals reversed upon appellees' interlocutory appeal. *Caballero v. Pate,* 171 Ga. App. 425 (320 SE2d 197) (1984). We granted certiorari to consider whether OCGA § 45-9-1 (c) prohibits the discovery of liability insurance policies purchased by a governmental agency for its employees, where they are covered by sovereign immunity. For the following reasons, we reverse the Court of Appeals and answer the question in the negative.

---

OCGA § 45-9-1 (a) enables state agencies, boards, and other bodies to purchase liability insurance covering "officers, officials, or employees to the extent that they are not immune from liability against personal liability arising out of the performance of their duties or in any way connected therewith." Subsection (c) provides: "The existence of such insurance or indemnification shall not be disclosed or suggested in any action brought against such individual." This statute was adopted in 1977. (Ga. L. 1977, p. 1051, § 1.)

The legislature drafted subsection (c) to prevent someone from disclosing or suggesting the existence of the insurance to someone else.[1] We do not see why the legislature would have enacted a statute preventing the state from suggesting to tort plaintiffs the fact that it was insured against any liability. We do see why the legislature, in allowing the purchase of insurance in a new area, would want to reaffirm the old prohibition against the injection of insurance into a trial.

We hold that the prohibition is meant to apply to the party in need of restraint, the plaintiff in a tort case. We thus find that insurance, such as the insurance in the case before us, is subject to the normal rules of discovery. See OCGA § 9-11-26.[2]

*Judgment reversed. All the Justices concur, except Hill, C. J., and Marshall, P. J., who dissent.*

DECIDED JANUARY 30, 1985 —
REHEARING DENIED FEBRUARY 19, 1985.

*Roger H. Anderson, Ronald W. Self,* for appellants.
*Michael J. Bowers, Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General,* for appellees.

HILL, Chief Justice, dissenting.
I would adopt the opinion and affirm the decision of the Court of Appeals.

---

[1] Therein lies the ambiguity in the statute. As to the ambiguity of the meaning of "disclose," compare OCGA § 9-11-26 (b) ("Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial.") with *City Council of Augusta v. Lee*, 153 Ga. App. 94 (264 SE2d 683) (1980). The *Lee* court held, " 'In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial.' *Patillo v. Thompson*, 106 Ga. App. 808, 809 (1) (128 SE2d 656) [1962]." 153 Ga. App. at 99.

[2] In doing so, we need not address the possible effect of the partial waiver of sovereign immunity adopted in the 1983 Constitution of Georgia (Art. I, Sec. II, Par. IX) upon OCGA § 45-9-1, or reach the question of whether the type of insurance involved in this case falls under OCGA § 45-9-1.