71318. NEESE v. LONG.
(341 SE2d 861)

BIRDSONG, Presiding Judge.

This is an appeal from the trial court's grant of the appellee's motion to dismiss appeal of a jury verdict and judgment. The trial court found and held as justification: "1. The verdict of the jury in the above referenced case was returned on September 26, 1984; judgment on said verdict was entered on October 22, 1984. 2. A Motion for New Trial was filed on October 25, 1984; however, no rule nisi accompanied said motion, nor was a rule nisi setting said motion down for a hearing on a day certain served on the opposing party. 3. The transcript of the trial proceedings in the above styled matter was not ordered for preparation by defendant/appellant until January 10th or 11th, [1985]; further, no extension of time for the filing of the transcript pursuant to OCGA § 5-5-40 was applied for or granted. 4. The Motion for New Trial was set down for hearing at the request of counsel for plaintiff/appellee, and heard on January 15, [1985]; an Order denying the Motion for New Trial was entered on the same day. 5. A notice of appeal was filed on February 13, 1985. 6. The above mentioned transcript was filed on March 6, 1985. 7. A statement of costs due was prepared by the Clerk's Office on March 7, 1985; counsel for defendant/appellant, by his own admission, received notice from the Clerk's Office by mail, though not registered or certified mail, of the costs due within two or three days of March 7, 1985. 8. Said costs were paid on May 1, 1985, six days after the instant Motion to Dismiss Appeal was filed on April 25, 1985. 9. The delay occa-

sioned by defendant/appellant's failure to pay cost amounted to fifty-one (51) days. 10. Based on the above enumerated finds, the court finds as a matter of fact that the fifty-one (51) day delay caused by defendant/appellant's failure to pay the costs due is both an unreasonable and inexcusable delay. 11. Based on the above enumerated findings, the court further finds as a matter of fact that the dilatory failure of defendant/appellant to order and file the transcript of the trial proceedings in this matter until the times specified above has further resulted in an unreasonable, inexcusable and uncalled for delay in the transmission of this case to the Court of Appeals." *Held*:

The appellant urges that, the above facts and sequence of events notwithstanding, the transcript was filed in the trial court within thirty days after notice of appeal in compliance with OCGA § 5-6-42, and that the clerk never mailed a notice of the amount of costs "by registered or certified mail" in compliance with OCGA § 5-6-48 (c), so that his payment of costs six days after appellee filed his motion to dismiss appeal for failure to pay costs was timely.

Appellant asserts this is a case of first impression and in effect urges us to hold that the appeal could never be dismissed unless he failed to pay costs more than twenty days after registered or certified mail notice by the clerk. This statement of his position proves its error: he is urging that he never has to pay costs until the clerk sends him a registered or certified notice of the costs.

We find no flaw affecting the appeal in the fact that appellant did not cause rule nisi to issue on his motion for new trial for it was heard some three months after verdict, at the appellee's urging (see OCGA § 5-5-40 (e)). Nor do we find flaw in the facts that the transcript was not ordered until a few days before the new trial motion hearing, and that no extension of time for filing the transcript had been granted after appellant admitted receiving a bill for costs. OCGA § 5-5-40 (c) provides: "Where the grounds of the motion [for new trial] require consideration of the transcript . . . the court may in its discretion grant an extension of time . . . *or the court may in its discretion hear and determine the motion before the transcript of evidence and proceedings is prepared and filed.*" (Emphasis supplied.) This is what the trial court did, and appellant's later appeal is not affected by any unobjected-to failure to file or delay in filing a transcript *before the new trial motion hearing.*

This transcript was in fact filed 21 days after the notice of appeal (well within thirty days of notice of appeal (OCGA § 5-6-42)) and this fact cannot be confused with any fault of appellant in setting a hearing for his motion for new trial or in neglecting to order the transcript sooner than he did. Thus there is no flaw in appellant's procedure as regards the filing of the transcript.

OCGA § 5-6-43 (d) requires the clerk below to transmit a tran-

script to this court within twenty days of notice of appeal when such transcript is already on file at the time of notice of appeal; but if the transcript is not already on file, subsection (a) requires the clerk to transmit it to the appellate court within five days after it is filed. It was appellant's failure to pay costs for 51 days after receipt of notice of the same, that caused the clerk to be unable to transmit the transcript to the appellate court in a timely manner.

OCGA § 5-6-48 (c) provides, in pertinent part, that "the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence. . . ." The transcript was delayed 51 days in being transmitted to this court after it was filed in the trial court on March 6, 1985, because the appellant did not pay costs within twenty working days of notice. The evidence supports the trial court's finding that this is an "unreasonable delay in the transmission of the record to the appellate court." OCGA § 5-6-48 (c).

We note that while the appellant's *delay in paying costs* within twenty days is counted "exclusive of Saturdays, Sundays and legal holidays," the *"delay in the transmitting of the record to the appellate court"* is the determining factor in assessing whether the appeal should be dismissed.

Appellant admits he received notice by mail of the amount of costs within two or three days of March 7, but he claims he did not have to pay costs until and unless the clerk sent notice of costs by registered or certified mail, and that his appeal cannot be dismissed unless he fails to pay costs within twenty working days of such mailing by registered or certified mail. We do not agree that mailing by registered or certified mail is a condition precedent to a dismissal for failure to pay costs. We conclude the registered or certified mail requirement was designed to explain a situation where the appellant alleged no receipt of notice of filing costs. Then it would be possible for the clerk to prove that notice was sent by registered or certified mail and therefore that the notice requirements of OCGA § 5-6-48 (c) had been satisfied. In the instant case we have no allegation or contention by appellant that notice of costs was not received but an admission that notice was indeed received within three days from the date the clerk mailed the notice of costs. OCGA § 5-6-48 (c) provides the trial court can dismiss an appeal for unreasonable and inexcusable delay *in transmitting the transcript* caused by a party's failure to pay costs, "provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail, of the amount of costs."

We are satisfied this means the clerk must mail *notice* to the party and to protect the clerk, mailed by registered or certified mail. Such notice enables the appellant to pay costs within twenty days (exclusive of Saturdays, Sundays and legal holidays) without having his appeal dismissed for unreasonable and inexcusable delay, and it means that costs paid within twenty days (exclusive of Saturdays, Sundays and legal holidays) of such mailing are timely made. The appellant admits that notice of costs was received within two or three days from date of mailing on March 7. Notice was given and received. As to notice, compliance with OCGA § 5-6-48 (c) was thus accomplished.

It is true that the civil practice must be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any point raised therein, except as may be specifically referred to in this article" (OCGA § 5-6-30). OCGA § 5-6-48 (c) merely states that an appeal may not be dismissed if a party pays costs within twenty working days of receipt of such notice sent by the clerk. We will not engraft meanings onto a statute that are not warranted, and even a liberal construction of this statute in favor of the appellants cannot impose a strict requirement on a party that the statute does not specifically require. The cardinal rule in construing any statute is to seek the legislature's intent (*American Hosp. Supply Corp. v. Starline Mfg. Corp.*, 171 Ga. App. 790, 792 (320 SE2d 857)); and we must construe the statute with the system of which it is a part. *Caballero v. Pate*, 171 Ga. App. 425 (320 SE2d 197). We find in this statute on the Appellate Practice Act no specific intent or requirement that costs need only be paid if the clerk sends notice by registered or certified mail. "The . . . Appellate Practice Rules were adopted by the General Assembly of Georgia for the primary purpose of securing speedy and uniform justice in a uniform and well ordered manner; they were not adopted to set traps and pitfalls by way of technicalities for unwary litigants. [Cits.]" *Blackwell v. Cantrell*, 169 Ga. App. 795, 796 (315 SE2d 29). Courts and appellees in the appeal process have a right to speedy process, and appellant's failure to pay costs for 51 days, even after he admittedly had received notice of the amount due, denied appellee a speedy appeal.

The trial court did not err in finding the delay in transmitting the transcript to be unreasonable, and to be inexcusably caused by appellant's failure to pay costs. The appeal was properly dismissed.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I must reluctantly concur in the conclusion of the majority that the trial court did not err in dismissing the appeal for failure to pay

costs. The statutory authorization for the trial court's dismissal for nonpayment of costs is found in the following portion of OCGA § 5-6-48 (c): "[t]he trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; *provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by appellant of notice, mailed by registered or certified mail, of the amount of costs.*" (Emphasis supplied.) As indicated by the majority opinion, the determination of the appropriateness of the trial court's dismissal of the appeal is dependent upon the construction afforded the above emphasized language. While, as stated, I must concur in the result, I do not agree with the analysis of the majority.

After careful study and reflection, including a review of the legislative history of the amendment which added the above emphasized language, I am of the opinion that the only basis for affording appellant relief by virtue of the aforesaid emphasized language would be to construe said language as if it had been written as follows: "Provided, however, that no appeal shall be dismissed for failure to pay costs unless the costs have not been paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by appellant of notice, mailed by registered or certified mail, of the amount of costs." If the language could be construed as aforesaid, the appeal could not have been dismissed because it would be impossible to show that costs were not paid within 20 days of receipt of notice mailed by certified or registered mail, there never having been any certified or registered mailing in this case. However, as phrased, the emphasized language must be construed as meaning that an appellant can be absolutely positively protected if, but only if, the clerk gives notice of the amount of costs by certified or registered mail *and* the appellant pays the costs within 20 days from his receipt of such notice. However, if, as in this case, the clerk does not utilize registered or certified mail, the "saving" proviso favorable to appellant is never activated.

Although I must acquiesce in the construction of the statute as mandated by the application of the rules of statutory construction, I regret that this decision will remove any incentive for any clerk of any trial court in this state to utilize the more expensive method of certified or registered mail in order to transmit the bill of costs. The reason I regret such effect of this decision is that, in my opinion, the utilization of registered or certified mail was very important to the legislature. The "proviso" language which we are construing was added to the Appellate Practice Act by Georgia Laws 1978, p. 1986. A review of the Senate and House Journals indicates that this legisla-

tion originated as Senate Bill No. 444. The actual act adopted by the legislature containing the language in the present statute was the Senate Judiciary Committee's *substitute* to original Senate Bill 444. Ga. Senate Journal Reg. Session 1978, p. 756. As originally introduced into the Senate, the language proposed to be added by the bill was as follows: "Provided however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 10 days (exclusive of Saturdays, Sundays, and legal holidays) of notice to the appellant of the amount of costs." (S.B. 444 as originally introduced.) However, the Senate Judiciary Committee changed the bill by substituting 20 days for the 10 days originally proposed *and* by changing the language so as to allow appellant to avoid dismissal if costs were paid within the 20 days "of *receipt* by the appellant of notice, *mailed by registered or certified mail*, of the amount of costs." (Emphasis supplied.) As originally introduced, there was no requirement of mailing by registered or certified mail and no necessity of "receipt" by the appellant. These requirements were specifically added by the Judiciary Committee, and approved by the full Senate, and the full House. Thus, although I believe that the General Assembly placed great emphasis upon the requirement that the notice of the amount of costs be mailed by registered or certified mail, the language of the statute can only be interpreted as making such method of mailing important in the limited circumstance wherein the clerk *elects* to utilize certified or registered mail *and* the appellant pays costs within 20 days of the date of his receipt of such notice. For these reasons, I must concur with the judgment affirming the trial court.

DECIDED FEBRUARY 5, 1986 —
REHEARING DENIED MARCH 5, 1986 — 

*Philip C. Smith*, for appellant.
*Elliott R. Baker*, for appellee.