## 44163. CITY OF FAYETTEVILLE v. TAYLOR.
(353 SE2d 28)

GREGORY, Justice.

The appellee operates a personal care home licensed by the Georgia Department of Human Resources in an area of the appellant City of Fayetteville (City) zoned R-30, single-family residential. After receiving notification from the City that the use of her property was in violation of the Fayetteville Zoning Ordinance, appellee filed this petition for declaratory judgment and injunctive relief.

1. The issue below and on appeal is whether the residents of appellee's facility constitute a "family" as defined by the City Zoning Ordinance, therefore rendering appellee's use of her property permissible, or whether appellee is operating a "boarding house," a use not permitted by the R-30 zoning classification. The trial court found that appellee's use is allowed by the zoning classification, and permanently enjoined the City from enforcing the zoning ordinance against her.

The City Zoning Ordinance defines "family" as "one or more persons occupying premises and living as a single housekeeping unit, as distinguished from occupying a boarding house, lodging house, hotel or fraternity or sorority house." The City Zoning Ordinance defines a "boarding house" as "a building dedicated to the lodging or feeding or both of three or more persons not related by blood or marriage as defined herein for compensation."

There are thirteen residents of appellee's personal care home. Each has a contract with appellee, as required by DHR regulations, to pay her $750 per month for living expenses, but the evidence shows, and the trial court found, that appellee derives no profit from the facility as many of the residents are unable to fulfill their contractual obligations. The appellee testified that the residents of the facility contribute toward their living expenses as they are able to, with at least one resident paying nothing. The appellee makes up the monthly deficit in the budget from her teacher's salary.

The residents range in age from 57 to 89, and all live in the facility because they are unable to care for themselves. Each of the residents receives supervision and assistance with bathing and dressing. They share a living room, kitchen, library, laundry room and seven bedrooms. The residents eat lunch and dinner together, but are permitted to have breakfast at their leisure when they choose to arise. The appellee testified that while an employee prepares meals for the residents, if the residents wish to set the table or wash dishes, they are allowed to do so because "it is their home," and aiding in chores "gives them self-esteem and dignity."

Relying on *Douglas County Resources v. Daniel*, 247 Ga. 785 (280 SE2d 734) (1981), the trial court found that the zoning ordinance does not require that members of a "family" be related by blood or

marriage, and that while the "facility involved is a boarding facility . . . the occupants of the facility constitute a single family as allowed by the R-30 zoning classification."

The City argues that appellee's facility houses and feeds more than three unrelated persons who compensate her for these services, and therefore the facility is a "boarding house." However, we agree with the trial court that the residents of appellee's facility are living as "a single housekeeping unit," each contributing, within her means, a share of the monthly household expenses. Furthermore, the trial court found appellee derives no compensation from her services. The appellee testified she pays part of the expenses of the thirteen residents of the household from her earnings as a teacher. We hold appellee's facility is not a boarding house but constitutes a single family residence within the meaning of the City's zoning ordinance.[1]

2. The City points out that in May 1983 the appellee applied for a variance from the R-30 zoning classification to use her facility as a personal care home. The City denied her application and no appeal was taken. The City argues that appellee's failure to appeal estops her from bringing this action for declaratory judgment.

We have held that appellee's present use of her property conforms to the R-30 zoning classification. As it was unnecessary for the appellee to seek a variance, the City's argument fails.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987.

*Thomas J. McHugh, Jr.,* for appellant.
*Daniel F. Byrne,* for appellee.

[1] For a more restrictive definition of "family" see *Macon Assn. v. Bibb County Comm.,* 252 Ga. 484 (314 SE2d 218) (1984).