45801. BOARD OF COMMISSIONERS OF CHATHAM COUNTY v. CHATHAM ADVERTISERS.

(371 SE2d 850)

MARSHALL, Chief Justice.

At issue here is the validity of a contract between the immediately previous Board of Commissioners of Chatham County and Chatham Advertisers, which company agreed to place benches upon public space at various transit stops and other points of pedestrian convenience and necessity within the unincorporated areas of the county for a period of 10 years. The contract provided that the company is to install the benches at no expense to the county, and that the benches

will have advertising signs on them. The present board of commissioners brought an action to have the contract declared void on the grounds that it violated (1) the county's zoning ordinance and (2) OCGA § 36-30-3 (a). The board of commissioners appeals the grant of summary judgment for the company and the denial of its motion for summary judgment. We affirm.

1. Section 7-1.11 of the county zoning ordinance provides:

> No sign except those installed and maintained by a governmental unit or agency shall be permitted within a public street or road right-of-way.

Even if the installation of these "signs" by a private company under a contract with the "governmental unit or agency" (the county) be considered a violation of this ordinance, such violation would not invalidate the contract. A county may use property it owns for a necessary governmental purpose, even though such use violates a zoning ordinance. *Concerned Citizens of Douglas County v. Douglas County*, 256 Ga. 82 (344 SE2d 641) (1986); *City of College Park v. Flynn*, 248 Ga. 222 (282 SE2d 69) (1981); *Evans v. Just Open Government*, 242 Ga. 834 (1) (251 SE2d 546) (1979); *Pearson v. County of Tift*, 219 Ga. 254 (1) (132 SE2d 710) (1963); *Mayor &c. of Savannah v. Collins*, 211 Ga. 191 (1) (84 SE2d 454) (1954). The county's grant of the right to place these benches on public property, even with advertising on them, was a use "for a necessary governmental purpose." *Juhan v. City of Lawrenceville*, 251 Ga. 369 (306 SE2d 251) (1983).[1]

The trial court did not err in entering summary judgment for the appellee company, thereby declaring the contract valid and requiring specific performance by the appellant county.

2. Pretermitting the applicability of OCGA § 36-30-3 (a) to counties, the Code section would not invalidate the present contract. "It is clear that the prohibition is applicable to a municipality's governmental functions, not its proprietary functions. [Cits.]" *City of Powder Springs v. WMM Properties*, 253 Ga. 753, 756 (2) (325 SE2d 159) (1985). The operation of a public transportation system, such as a scheduled fixed-route transit bus system — which includes the placement of bus benches — is a proprietary or ministerial function. *City Council of Augusta v. Lee*, 153 Ga. App. 94 (1) (264 SE2d 683) (1980); *Columbus, Ga. v. Hadley*, 130 Ga. App. 599 (203 SE2d 872) (1974). Furthermore,

---

[1] The use of "governmental purpose" in this context embraces all aspects of governmental functions, whether interpreted as governmental or as proprietary (ministerial). (See Div. 2, infra.)

[t]here is some indication that the question of whether the contract involves a financial obligation on the part of the municipality should be considered in addition to the question of whether the proprietary or governmental functions are involved. *Jonesboro Area Athletic Assn. v. Dickson,* [227 Ga. 513 (181 SE2d 852) (1971)] supra, at 518.

*Brown v. City of East Point,* 246 Ga. 144, 145 (268 SE2d 912) (1980).

The courts also consider the reasonableness of the length of the contract under the circumstances. E.g., a lease of a 10-year duration (the length of the contract in the present case) was approved in *Jonesboro Area Athletic Assn. v. Dickson,* supra.

Accordingly, the trial court did not err in denying the county's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1988.

*Charles W. Barrow, Michael K. Dennard,* for appellant.
*Harold B. Yellin,* for appellee.